### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

SUE GIDEON, ET AL.,

                    Petitioners,                    Case Number: 5:15-11454
                                                HON. JOHN CORBETT O'MEARA

v.

CLARENCE EARL WAINWRIGHT, ET
AL.,

                    Respondents.

_____/

### OPINION AND ORDER OF DISMISSAL WITHOUT PREJUDICE

This is a habeas case filed under 28 U.S.C. § 2241. The petition was filed by fifteen individuals. The petition fails to comply with Rule 2(c), (d) or (e), Rules Governing Section 2254 Cases in the United States District Courts. The petition, therefore, will be dismissed without prejudice.

### I.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). A petition may be summarily dismissed where the

allegations are so "vague (or) conclusory" that they do not "point to a real possibility of constitutional error." *Blackledge v. Allison*, 431 U.S. 63, 76 n.7 (1977) (internal citations omitted). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the Petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (internal citations omitted). *See also Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) ("A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed.").

## II.

Rules 2(c) and (d) of the Rules Governing Section 2254 Cases in the United States District Courts, provide that an application for writ of habeas corpus shall be in the form of a petition and shall substantially follow the form provided with the rules. The pending petition does not identify the convictions challenged for each petitioner or the jurisdictions of conviction. It is, therefore, insufficient to commence a habeas proceeding. In addition, a petitioner may not challenge convictions rendered in two different courts in the same petition. *See* Rule 2(e), Rules Governing Section 2254 Cases in the United States District Courts ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court."). The pending petition appears to challenge proceedings in several different courts.

Thus, the Court will dismiss the petition without prejudice to the Petitioners' rights

2

to challenge their convictions in the appropriate separate petitions.

### III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04 (2000) (citation omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be summarily dismissed without prejudice. Therefore, the Court denies a certificate of appealability.

### IV.

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE and a certificate of appealability is DENIED.

SO ORDERED.

s/John Corbett O'Meara
United States District Judge


Date:  May 1, 2015

3

       I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 1, 2015, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager